IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Billy Ray Henson, #283817,  )<br> )<br>  Petitioner,  )<br> )<br>vs.  )<br> )<br>Leroy Cartledge,  )<br> )<br>  Respondent.  )<br>_____) | C/A No. 9:08-3522-HFF-PJG<br><br>**REPORT AND RECOMMENDATION** |

This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC on the respondent's motion for summary judgment (Docket Entry 13). The petitioner, Billy Ray Henson ("Henson"), a self-represented state prisoner, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The respondent filed a motion for summary judgment. (Docket Entry 13.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the motion. (Docket Entry 15.) Following an extension of time, Henson filed a response in opposition to the respondent's motion. (Docket Entry 23.) The motion is now before the court for a Report and Recommendation.

## BACKGROUND

Henson was indicted in February 2002 in Spartanburg County for armed robbery (02-GS-42-08264). (App. at 124-26, Docket Entry 14-3 at 31-33.) Henson was represented by Michael D. Morin, Esquire, and on April 30-May 1, 2002, was tried by a jury and found guilty as charged. (App.

at 118, Docket Entry 14-3 at 25.) The circuit court sentenced Henson to life imprisonment without parole.[1] (App. at 121-22, Docket Entry 14-3 at 28-29.)

Henson timely filed a direct appeal. On appeal, Henson was represented by Aileen P. Clare, Esquire, Assistant Appellate Defender of the South Carolina Office of Appellate Defense. On January 22, 2003, counsel for Henson filed an Anders[2] brief and a petition to be relieved as counsel in which the following issue was presented:

> Did the lower court err by ruling that the prejudicial effect of impeachment evidence offered under 609(a)(2), SCRE, need not be weighed against its probative value?

(Docket Entry 14-4.) Henson filed a *pro se* brief on November 26, 2002, in which he argued the following:

I. Because the Appellant[']s indictment did not specifically apprise him of the nature and the cause of the accusation with reasonable certainty, the circuit court of Spartanburg County lacked subject matter jurisdiction, thus the Appellant[']s rights under the S.C. Const. Art. I §§ 3 and 14, and under the 6th and 14th Amendments to the United States Constitution was [sic] violated.

II. Because the Appellant[']s indictment is vague, and ambiguous, and did not apprise the Appellant with reasonable certainty of what he had to face at trial, the circuit court of Spartanburg County lacked subject matter jurisdiction to entertain the Appellant[']s case, and sentence him, thus violating his rights under the S.C. Const. Art. I § 3, and under the 6th and 14th Amendments to the United States Constitution.

---

[1]Pursuant to S.C. Code Ann. § 17-25-45(A) and (H), Henson received a life sentence based on his prior criminal record including, but not limited to, his prior armed robbery conviction dated October 30, 1981.

[2]Anders v. California, 386 U.S. 738 (1967). Anders requires that counsel who seeks to withdraw after finding the "case to be wholly frivolous" following a "conscientious examination" must submit a brief referencing anything in the record that arguably could support an appeal; furnish a copy of that brief to the defendant; and after providing the defendant with an opportunity to respond, the reviewing court must conduct a full examination of the proceedings to determine if further review is merited. Anders, 386 U.S. at 744.

> III. The trial court judge erred by refusing to grant the Appellant[']s motion for a direct verdict for the charge of armed robbery, because the prosecution failed to present any substantial evidence beyond a reasonable dou[b]t.

(Docket Entry 14-5.) In a *per curiam* opinion, the South Carolina Court of Appeals dismissed Henson's appeal. (State v. Henson, 2003-UP-551 (S.C. Ct. App. September 25, 2003), Docket Entry 14-6.) The remittitur was issued on October 27, 2003. (Docket Entry 14-7.)

On May 8, 2004, Henson filed a *pro se* application for post-conviction relief ("PCR"). (See Henson v. State of South Carolina, 04-CP-42-1567, App. at 129-35, Docket Entry 14-3 at 36-42.) In his application and supporting memorandum, Henson essentially raised three grounds for relief:

1. Lack of subject matter jurisdiction;

2. Ineffective assistance of trial counsel; and

3. Ineffective assistance of appellate counsel.

(App. at 129-53, Docket Entry 14-3 at 36-60.) The State filed a return on August 25, 2004. (App. at 154-60, Docket Entry 14-3 at 61-67.) On September 22, 2005, the PCR court held an evidentiary hearing at which Henson appeared and was represented by O. Cyrus Hinton, Esquire. (App. at 161-80, Docket Entry 14-3 at 68-87.) At the hearing, Henson's attorney informed the court that Henson wished to frame his argument of lack of subject matter jurisdiction as an ineffective assistance of counsel claim. (App. at 165, Docket Entry 14-3 at 72.) The PCR judge issued an order on July 6, 2006 dismissing Henson's PCR application. (App. at 181-89, Docket Entry 14-3 at 88-96.)

Henson timely filed an appeal. On appeal, Henson was represented by Robert M. Pachak, Esquire, Appellate Defender for South Carolina Commission on Indigent Defense. On February 2,

2007, Attorney Pachak filed a Johnson[3] Petition for Writ of Certiorari in which he presented the following issue:

> Whether defense counsel was ineffective in failing to object to the denial of his motion for a directed verdict?

(Docket Entry 14-8.) Henson filed a *pro se* petition on March 7, 2007, in which he raised fifteen issues:

1. Did the tr[ia]l court err[] by refusing grant appellant[']s] motion for a directed verdict on the charge of armed robbery, because the prosecution failed to present any substantial evidence beyond reasonable doubt.

2. Did the appellant[']s] counsel render ineffective [assistance of counsel] on appeal by filing [an] Anders brief and failure to raise and argue issues preserved in the record.

3. Did the tr[ia]l court err[] because [there] is no physical representation having been made which is required by the state to prove to secure a conviction for armed robbery.

4. Did the tr[ia]l judge prejudice appellant by allowing prior conviction of armed robbery being that the prejudicial value clearly outweigh[ed] the probative value.

5. Did the tr[ia]l court err[] because petitioner never testified and the state introduced prior bad acts [that were] prejudicial and den[ied] petitioner a right to a fair trial.

6. Tr[ia]l counsel render[ed] ineffective [assistance] because counsel allowed the tr[ia]l court under Rule 609 prior convictions to admit[] evidence, that was inadmissible because defendant[']s] credibility should be decided only if he would have chosen to testify.

7. Did the tr[ia]l judge err[] because he should have relied on the United State[s] Supreme Court Law [sic] in Muldrow. The court concur[s] with this general rule and held that words alone sufficient under the first prong of the statute.

---

[3]Johnson v. State, 364 S.E.2d 201 (S.C. 1988) (applying the factors in Anders v. California, 386 U.S. 738 (1967) to post-conviction appeals).

8. Did the appellant['s] counsel render ineffective assist[ance] by failing to brief [meritorious] issues on appeal that [were] preserved in the record, counsel filed a[n] Anders Brief.

9. Did the tr[ia]l court err[] because [there] was no physical representation having been made which is required by state to prove[] to secure a conviction for armed robbery.

10. Did the tr[ia]l court err[] by ruling words alone are sufficient to establish a representation of a deadly weapon, for the purposes of the armed robbery statute. Section 16-1-330(A).

11. Did the tr[ia]l court err[] because petitioner never testified and the state intr[o]duced prior bad acts which the prejudicial value clearly outweigh[ed] the probative value.

12. Did the tr[ia]l court render ineffective assistance, because counsel allowed the state under [R]ule 609 to admit prior conviction into evidence. Was inadmissible because defen[d]ant's credibility should have been decided only if he would have cho[]sen to testify?

13. Did the tr[ia]l court err[] by refusing to grant appellant[']s motion for a directed verdict because prosecution failed to present any substantial evidence of armed robbery beyond a reasonable doubt.

14. Did the tr[ia]l court lack[] subject matter of jurisdiction [on] armed robbery indictment because [there] was a fatal variance between an allegation contained in the indictment and the proof at tr[ia]l and petitioner was entitled to a directed verdict.

15. Did the state fail to prove every element inside the body of the indictment for armed robbery when the element of being armed with a pistol was a necessary element of armed robbery inside petitioner[']s indictment.

(Docket Entry 14-9.) In an order dated May 7, 2008, the South Carolina Court of Appeals denied the petition for a writ of certiorari. (Docket Entry 14-10.) The remittitur was issued on May 23, 2008. (Docket Entry 14-11.)

## FEDERAL HABEAS ISSUES

Henson filed his petition for a writ of habeas corpus in this court on October 14, 2008, in which he raises the following issues:

**Ground One:** [I]neffective assistance of tria[l] counsel—violation of the 6th amendment.
   **Supporting Facts:** Trial counsel fail[ed] [to] object to prejudicial effect of impeachment evidence offer under Rule 609(a)(2) need not be weighed against its probative value.

**Ground Two:** Ineffective assistance of appellate counsel
   **Supporting Facts:** The appellate counsel fail[ed] to raise objection to direct verdict when prosecution failed to present any substantial evidence of arm[ed] robbery beyo[nd] a reasonable doubt.

**Ground Three:** Trial court lacked subject matter jurisdiction
   **Supporting Facts:** Court lack[ed] jurisdiction where indictment failed to charge me with the offense allegedly proven at trial

(Pet., Docket Entry 1 at 5-8.)

## DISCUSSION

### A. Summary Judgment Standard

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(e). Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

B.  **Habeas Corpus Standard of Review**

1.  **Generally**

In accordance with § 2254, claims adjudicated on the merits in a state court proceeding cannot be a basis for federal habeas corpus relief unless the decision was "contrary to, or involved an unreasonable application of clearly established federal law as decided by the Supreme Court of the United States," or the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1), (2). When reviewing a state court's application of federal law, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams v. Taylor, 529 U.S. 362, 410 (2000); see also Humphries v. Ozmint, 397 F.3d 206 (4th Cir. 2005); McHone v. Polk, 392 F.3d 691 (4th Cir. 2004). Moreover, state court

factual determinations are presumed to be correct and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

### 2. Exhaustion Requirement

A habeas corpus petitioner may obtain relief in federal court only after he has exhausted his state court remedies. 28 U.S.C. § 2254(b)(1)(A). "To satisfy the exhaustion requirement, a habeas petitioner must present his claims to the state's highest court." Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). Thus, a federal court may consider only those issues which have been properly presented to the highest state courts with jurisdiction to decide them. Generally, a federal habeas court should not review the merits of claims that would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence v. Branker, 517 F.3d 700, 714 (4th Cir. 2008); Longworth v. Ozmint, 377 F.3d 437 (4th Cir. 2004); see also Coleman v. Thompson, 501 U.S. 722 (1991). For a procedurally defaulted claim to be properly considered by a federal habeas court, the petitioner must "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

### C. Respondent's Motion for Summary Judgment

### 1. Fairly Presented

As an initial matter, the Respondent contends that all of Henson's grounds are procedurally barred under South Carolina law, as Henson's counsel failed to raise these issues in his Johnson petition for a writ of certiorari following the circuit court's denial of Henson's PCR application. The respondent asserts that they are procedurally barred even though Grounds One and Three were included in Henson's *pro se* response to the Johnson petition.

The requirement of exhaustion of state remedies requires that a federal claim be "fairly presented" to the state court. See Picard v. Connor, 404 U.S. 270, 275 (1971). To be fairly presented, a claim must "include reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief." Gray v. Netherland, 518 U.S. 152, 162-63 (1996). In State v. McKennedy, 559 S.E.2d 850 (S.C. 2002), the South Carolina Supreme Court held that articulating an issue in an Anders brief constitutes fair presentation of that claim to the appellate court. Id. at 854. In finding that the Court of Appeals' Anders review constituted a decision on the merits for purposes of state law, the Supreme Court noted that McKennedy's counsel had filed an Anders brief with the Court of Appeals and *McKennedy filed a* pro se *response, raising the issues he considered important*. McKennedy, 559 S.E.2d at 855. The Supreme Court observed that the Court of Appeals, pursuant to Anders, then reviewed the merits of the argument. Id. Here, Henson raised the issues contained in Grounds One and Three to the Court of Appeals in his *pro se* Johnson brief.[4] Accordingly, this court cannot say that these issues have not been fairly presented to the South Carolina appellate courts solely because they were not included in the actual Johnson petition but only in the *pro se* Johnson brief.

Nonetheless, even considering Henson's *pro se* Johnson brief, the court finds that Ground Two was not fairly presented to the South Carolina appellate courts. Ground Two essentially alleges that appellate counsel was ineffective for not raising the trial court's denial of the directed verdict motion as an issue on appeal. In Henson's *pro se* Johnson brief he raised the following two issues pertaining to *appellate* counsel:

---

[4]Henson also attempted to raise Ground Three in his *pro se* Anders brief on direct appeal. (See Docket Entry 14-5 at 8-10.)

> 2. Did the appellant['s] counsel render ineffective [assistance of counsel] on appeal by filing [an] Anders brief and failure to raise and argue issues preserved in the record.
>
> \* \* \*
>
> 8. Did the appellant['s] counsel render ineffective assist[ance] by failing to brief [meritorious] issues on appeal that [were] preserved in the record, counsel filed a[n] Anders Brief.

(Docket Entry 14-9 at 4-5.) Thus, in his *pro se* Johnson brief, Henson did not include any specific issue that appellate counsel failed to raise; rather, these issues are essentially "catchall" grounds that raise no specific error. Henson's oblique reference to meritorious issues and issues preserved in the record is insufficient to apprise the state court of the substance of Henson's claim or the operative facts upon which he is relying. See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997) (stating that the petitioner must present to the state court "both the operative facts and the controlling legal principles") (internal quotation marks omitted); Mallory v. Smith, 27 F.3d 991, 995 (4th Cir. 1994) ("[T]he exhaustion requirement demands that the petitioner do more than scatter some makeshift needles in the haystack of the state court record. The ground relied upon must be presented face-up and squarely . . . . Oblique references which hint that a theory may be lurking will not turn the trick.") (internal quotation marks omitted). Accordingly, the court finds that Ground Two was not fairly presented to the state courts in Henson's PCR appeal and is procedurally barred from federal habeas review.

### 2. Ground One: Ineffective Assistance of Trial Counsel—Failure to Object

In Ground One, Henson essentially argues that his trial counsel was ineffective for not objecting to the trial court's ruling that the court was not required, under Rule 609(a), SCRE, to balance the prejudicial effect of the impeachment evidence presented against its probative value. While this issue was presented to the South Carolina Court of Appeals in Henson's *pro se* Johnson brief, there is no indication that this was raised to or ruled upon by the PCR court or that Henson

filed a motion to alter or amend the judgment. Therefore, this issue would not have been preserved for appeal. See Marlar v. State, 653 S.E.2d 266, 267 (S.C. 2007) (holding that issues must be raised to and ruled on by the PCR judge to be preserved for appellate review); Rule 59(e), SCRCP (providing avenue for any party to move to alter or amend a judgment). Accordingly, this claim of ineffective assistance of counsel is procedurally barred from federal habeas corpus review, as Henson has not properly exhausted this claim and the merits of this claim would be found to be procedurally defaulted (or barred) under independent and adequate state procedural rules. Lawrence, 517 F.3d at 714; Longworth, 377 F.3d 437. Henson has not demonstrated—or even alleged—sufficient cause for the default and resulting prejudice, or that a fundamental miscarriage of justice will occur by failing to consider these claims. See Coleman, 501 U.S. at 750.

Even considering this claim on the merits, Henson is not entitled to federal habeas relief. A defendant has a constitutional right to the effective assistance of counsel. Williams v. Florida, 465 U.S. 1109, 1111 n.5 (1984). To demonstrate ineffective assistance of counsel, a petitioner must show, pursuant to the two-prong test enunciated in Strickland v. Washington, 466 U.S. 668 (1984), that (1) his counsel was deficient in his representation and (2) he was prejudiced as a result. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims").

To satisfy the first prong of Strickland, Henson must show that trial counsel's errors were so serious that his performance was below the objective standard of reasonableness guaranteed by the Sixth Amendment to the United States Constitution. With regard to the second prong of Strickland, Henson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. Prejudice may be presumed when (1) a defendant is completely denied counsel at a critical

stage of his trial, (2) counsel "entirely fails to subject the prosecution's case to a meaningful adversarial testing," or (3) "although counsel is available to assist the accused during trial, the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." United States v. Cronic, 466 U.S. 648, 659 (1984).

Rule 609(a)(2) of the South Carolina Rules of Evidence provides that "evidence that any witness has been convicted of a crime shall be admitted if it involved dishonesty or false statement, regardless of the punishment." In applying this rule, the South Carolina Supreme Court has held that "if a crime is viewed as one involving dishonesty, the court must admit the prior conviction because, prior convictions involving dishonesty or false statement must be admitted regardless of their probative value or prejudicial effect."  State v. Bryant, 633 S.E.2d 152, 155 (S.C. 2006). Accordingly, Henson cannot demonstrate that he was prejudiced by trial counsel's failure to object to the trial court's ruling on this issue as as he has failed to show that it would have been successful or the result of the proceeding would have been different.  Strickland, 466 U.S. at 694

### 3. Ground Two: Ineffective Assistance of Appellate Counsel—Failure to Appeal Denial of Directed Verdict Motion

As stated above, Ground Two was not fairly presented to the state courts in Henson's PCR appeal and is procedurally barred from federal habeas review. Moreover, even considering the merits of this issue, Henson is not entitled to federal habeas relief.

Ground Two essentially alleges that appellate counsel was ineffective for not raising the trial court's denial of the directed verdict motion as an issue on appeal. A defendant has a constitutional right to the effective assistance of appellate counsel. Evitts v. Lucey, 469 U.S. 387, 396-97 (1985). To demonstrate ineffective assistance of counsel, Henson must satisfy the Strickland test discussed

above. Id. at 687; see also Williams v. Taylor, 529 U.S. 362, 391 (2000) (stating that "the Strickland test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims"). To satisfy the second prong of Strickland when applying the test to appellate counsel, Henson "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. In other words, Henson must demonstrate "a reasonable probability that, but for his counsel's unreasonable failure . . ., he would have prevailed on his appeal." Smith v. Robbins, 528 U.S. 259, 285 (2000) (citation omitted). Henson argues that this issue had a greater likelihood of success than the issue actually raised by appellate counsel.

> The South Carolina Supreme Court has described a directed verdict as follows:
>
> When a motion for a directed verdict of acquittal is made in a criminal case, the trial court is concerned with the existence or non-existence of evidence, not its weight. The accused is entitled to a directed verdict when the evidence merely raises a suspicion of guilt. The accused also is entitled to a directed verdict when the State fails to present evidence on a material element of the offense charged. *However, if the State presents any evidence which reasonably tends to prove the defendants[sic] guilt, or from which the defendants[sic] guilt can be fairly and logically deduced, the case must go to the jury*. On appeal from the denial of a motion for directed verdict, this Court must view the evidence in a light most favorable to the State.

State v. Pittman, 647 S.E.2d 144, 153 (S.C. 2007) (emphasis and alternations in original) (quoting State v. Brown, 602 S.E.2d 392, 395 (S.C. 2004)). At Henson's trial, the State presented sufficient evidence from which a jury could reasonably conclude that Henson alleged that he was armed with a deadly weapon while using a representation of a deadly weapon or object. See S.C. Code Ann. § 16-11-330(A); State v. Muldrow, 559 S.E.2d 847 (S.C. 2002) (discussing the proof required to establish armed robbery).

Viewing this evidence in the light most favorable to the State, this evidence was sufficient to withstand a motion for directed verdict. Since Henson was not entitled to a directed verdict on

these charges, he cannot demonstrate that his appellate counsel's failure to raise this issue on direct appeal prejudiced him as required under Strickland. Accordingly, Henson is not entitled to habeas relief on this ground.

### 4. Ground Three: Subject Matter Jurisdiction

Henson's third ground for relief alleges that the trial court lacked subject matter jurisdiction based on his contention that the indictment failed to charge him with the offense allegedly proven at trial. State law establishes the subject matter jurisdiction of its state courts. Therefore, Henson's allegation challenging a state court's jurisdiction is a question of state law. This court cannot review a state court's determination on this issue. Wright v. Angelone, 151 F.3d 151 (4th Cir. 1998) (concluding that because a petitioner's allegations that the circuit court lacked jurisdiction over certain counts of an indictment rested solely upon the interpretation of state laws, it was not cognizable on federal habeas review); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991) ("It is not the province of a federal habeas corpus court to reexamine state-court determinations on state-law questions."). Accordingly, Henson is not entitled to federal habeas relief on this ground.

### RECOMMENDATION

Thus, Grounds One and Two of Henson's Petition are procedurally barred and, even if they were not, would not entitle Henson to federal habeas relief. Moreover, Ground Three raises only an issue of state law and does not raise a claim that a federal court can properly review. Accordingly, the court recommends that the respondent's motion for summary judgment (Docket Entry 13) be granted.

_____

August 17, 2009  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the district judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).